UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEICO ADVANTAGE INSURANCE COMPANY, a foreign corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>LESLIE ANITA DALTON, an individual; RODOLFO ANCHONDO, an individual; UNIFIED GROCERS, INC. a foreign corporation, THEOPHILE PEUMEUKOUAM and RUTH PEUMEUKOUAM, and the marital community composed thereof,<br><br>            Defendant. | CASE NO. 21-845<br><br>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

      This matter comes before the Court on Plaintiff Geico's Motion for Summary Judgment (Dkt No. 29). Having reviewed the Motion, Defendants', the Peumeukouams, Opposition (Dkt. No. 33), the Reply (Dkt. No. 35) and all supporting material, the Court GRANTS Plaintiff's Motion for Summary Judgment.

## BACKGROUND

This case arises out of a car accident involving Defendants Leslie Dalton, Rodolfo Anchondo, and Theophile Peumeukouam. On December 19, 2016, Peumeukouam, while driving a 2002 Mitsubishi Galant, was stopped behind a vehicle driven by Dalton. (Pl. Mot. for S. J. at 3.) Anchondo, driving a commercial truck for Unified Grocers, Inc., struck Peumeukouam from behind, causing Peumeukouam's vehicle to strike Dalton's. (Id.) Dalton later filed an action against Anchondo, his employer, Unified Grocers, Inc., and Peumeukouam and his wife for alleged injuries related to the crash. As a result, Peumeukouam reached out to GEICO, his previous insurance carrier, to defend and indemnify him.

Peumeukouam carried insurance with GEICO for several years prior to the accident. (Id. at 2.) At issue here is the policy Peumeukouam carried in 2016. The policy insured Peumeukouam and covered a Mitsubishi Outlander from March 23, 2016, through September 23, 2016. (Declaration of John Fay, Exhibit F.) On March 31, 2016, GEICO mailed a notice of cancellation for nonpayment of the premium to Peumeukouam at the address listed on the insurance policy. (Fay Decl. Ex. H.) The notice stated that Peumeukouam needed to pay his premium otherwise the policy would be cancelled on April 11, 2016. (Id.) GEICO never received any payment, and it duly cancelled the policy on April 11, 2016. (Pl. Mot. for SJ at 2.) GEICO did not hear from Peumeukouam at any point between April and the accident in December. The day after the December 19, 2016, accident, Peumeukouam purchased another insurance policy through GEICO. (Fay Decl. Ex. G.) This policy covered "Theophile Peumeu and Ruth Peumeu" and the same Mitsubishi Outlander from December 20, 2016, through June 20, 2017. (Id.)

1   On December 17, 2019, Dalton filed the complaint against Anchondo, Unified Grocers, Inc., and Peumeukouam and his wife for alleged injuries arising from the collision. (Id. Ex. B.) Prior to Dalton's complaint, Peumeukouam had not alerted GEICO to the accident. (Pl. Mot. for SJ at 4.) Upon notice of the complaint filed against the Peumeukouams, GEICO agreed to provide a defense for them under a reservation of rights. (Id.) GEICO sent Mr. Peumeukouam a reservation of rights letter stating that it believed Peumeukouam did not have an active policy with GEICO on December 19, 2016, but that it would investigate and provide a defense for the pending suit subject to a reservation of rights. (Fay Decl. Ex. J.) GEICO then brought this suit seeking declaratory relief.

## ANALYSIS

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment is granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors

Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). And underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita, 475 U.S. at 587.

**B.     PEUMEUKOUAM HAD NO INSURANCE AT THE TIME OF THE ACCIDENT**

It is settled Washington law that an insurer who is defending under a reservation of rights may file a declaratory judgment action to dispute coverage. See Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc., 161 Wn.2d 903, 914-15 (2007). "Under a reservation of rights defense, the insured receives the defense promised and, if coverage is found not to exist, the insurer will not be obligated to pay." Id. at 914. When an insurer cancels an insured's policy for failure to pay the premium, the insurer "must deliver or mail the cancellation notice to the named insured at least ten days before the effective date of the cancellation." RCW 48.18.290(c). The unambiguous language in the statute means that actual receipt of the notice is not necessary to effectuate cancellation. See Wisniewski v. State Farm Gen. Ins. Co., 25 Wn. App. 766, 767-768 (1980).

GEICO has submitted ample evidence that Peumeukouam was not covered under any insurance policy at the time of the accident. First, GEICO produced evidence that it cancelled the policy Peumeukouam had in 2016 for his failure to pay the premium. (Fay Decl. Exs. F, H.) Second, even if Peumeukouam had paid the premium, the policy would have expired on September 23, 2016. (Id. Ex. H.) And assuming, arguendo, that Peumeukouam paid the premium and renewed the policy, and therefore had an insurance policy at the time of the accident, the policy only covered Peumeukouam's Mitsubishi Outlander, not the Galant that was involved in the accident. (Id.)

In response, the Peumeukouams fail to provide any evidence suggesting that Mr. Peumeukouam might have had coverage from GEICO at the time of the accident. Rather, the

Peumeukouams argue that the notice GEICO sent regarding the cancellation of Mr. Peumeukouam's policy was inadequate. In support of this assertion, the Peumeukouams point to Mr. Peumeukouams deposition testimony where he states that he has no recollection of receiving the notice and that he was in Cameroon at the time the notice would have been sent. (Response at 2-3; Fay Decl. Ex. K at 10-12, 16.) But the Peumeukouams' argument is irrelevant. Regardless of whether Mr. Peumeukouam remembers receiving the notice or if he was out of the country at the time the notice was sent, GEICO submitted evidence that the notice was mailed to the correct address for Mr. Peumeukouam more than ten days before the cancellation date in accordance with RCW 48.18.290(c). GEICO's notice and the subsequent cancellation correctly followed Washington law, and GEICO was not obligated to ensure Mr. Peumeukouam read the letter. And the Peumeukouams' argument further lacks weight through Mr. Peumeukouam's actions proceeding the collision when he took out a new policy the day after the collision.

Given the evidence put forth by GEICO and the Peumeukouams failure to demonstrate otherwise, the Court finds that Mr. Peumeukouam did not have an active insurance policy with GEICO at the time of the collision.

C.     **GEICO HAS NO DUTY TO DEFEND**

"It is a cornerstone of insurance law that an insurer may never put its own interests ahead of its insured's." Expedia, Inc. v. Steadfast Ins. Co., 180 Wn.2d 793, 803 (2014), as corrected (Aug. 6, 2014). An insurer owes the insured a duty of good faith. Tank v. State Farm Fire & Cas. Co., 105 Wn.2d 381, 385; RCW 483.01.030. This is a "quasi-fiduciary" duty—something less than a true fiduciary duty." Van Noy v. State Farm Mut. Auto. Ins. Co., 142 Wn.2d 784, 792 (2001). In seeking a declaratory judgment, an insurer has "an enhanced obligation of fairness

toward its insured" arising out of the "[p]otential conflicts between the interests of insurer and insured, inherent in a reservation of rights defense." Tank, 105 Wn.2d at 383.

Washington courts recognize the right of the insured to pursue tort claims against the insurer for conduct which violates the duty of good faith. "Claims of insurer bad faith 'are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty.'" Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc., 161 Wn.2d 903, 916 (2007) (quoting Smith v. Safeco Ins. Co., 150 Wn.2d 478, 485 (2003)). To establish the tort of bad faith in the insurance context the insured must show that the insurer's actions were "unreasonable, frivolous, or unfounded." Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 560 (1998). "Whether an insurer acted in bad faith is a question of fact." Smith, 150 Wn.2d at 484 (citing Van Noy, 142 Wn.2d at 796). And "an insured may maintain an action against its insurer for bad faith investigation of the insurer's claim and violation of the CPA regardless of whether the insurer was ultimately correct in determining coverage did not exist." Coventry Assocs. v. Am. States Ins. Co., 136 Wn.2d 269, 279 (1998).

The Peumeukouams' arguments that GEICO breached its implied duty of good faith are meritless. The Peumeukouams claim that GEICO breached its duty by "failing to search and disclose." (Opp. at 4.) However, it is unclear what GEICO failed to search and disclose and the Peumeukouams do not cite to any evidence to support their assertion. Additionally, the Peumeukouams attempt to argue that GEICO unreasonably concluded that Mr. Peumeukouam's actions led directly to the alleged damages stemming from the accident, but GEICO does not assert that at all. GEICO simply asserts that it has no obligation to defend or indemnify the Peumeukouams in the underlying action. And GEICO's actions are appropriate. It agreed to defend the Peumeukouams while it sought declaratory action and provided legal counsel to the

1  Peumeukouams. The Peumeukouams present no facts or support to suggest GEICO has breached
2  its duty. And the Peumeukouams' other arguments that GEICO failed to mitigate and that it
3  assumed the risk are similarly unconvincing.

4        Because Peumeukouam did not have insurance with GEICO at the time of the collision
5  and GEICO did not breach its duty of good faith, the Court finds that GEICO has no duty to
6  defend or indemnify Peumeukouam for the accident that occurred on December 19, 2016.

7  **D.      THE PEUMEUKOUAMS ARE NOT ENTITLED TO A CONTINUANCE**

8        The Peumeukouams claim that there is additional evidence to gather before summary
9  judgment can be granted. The Court interprets this request as one for a Federal Rule of Civil
10  Procedure 56(d) continuance. Such a continuance is appropriate "[i]f a nonmovement shows by
11  affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its
12  opposition[.]" Fed. R. Civ. P. 56(d). The Ninth Circuit has previously held that "[w]here. . . a
13  summary judgment motion is filed. . . early in the litigation, before a party has had any realistic
14  opportunity to pursue discovery relating to its theory of the case, district courts should grant [a
15  continuance] fairly freely." Burlington N. Santa F. R. Co. v. Assiniboine & Sioux Tribes of Fort
16  Peck Rsrv., 323 F.3d 767, 773 (9th Cir. 2003).

17        The Peumeukouams have failed to present any basis for a continuance. The case is not so
18  early in the litigation that it warrants a continuance. As GEICO points out, the Peumeukouams
19  had five (5) weeks to conduct discovery, and Mr. Peumeukouam has been on notice that such a
20  suit was coming since he received the reservation of rights letter in May 2021. And it is unclear
21  what evidence the Peumeukouams hope to discover. GEICO has presented evidence
22  demonstrating Mr. Peumeukouam did not have coverage at the time of the accident. The
23  Peumeukouams do not claim that any additional evidence exists that would demonstrate
24

otherwise. Instead, the Peumeukouams make blanket assertions that facts are still in dispute and details relevant to the case were left out by GEICO. (Opp. at 2.) The Peumeukouams fail to elaborate on what those facts and details are and how they may be discoverable. As such, the Court finds the Peumeukouams are not entitled to a continuance under Rule 56(d).

**CONCLUSION**

GEICO has properly demonstrated that Peumeukouam did not have insurance through GEICO at the time of the December 19, 2016, collision. And the Peumeukouams have failed to present any evidence suggesting that coverage existed or that GEICO has a duty to defend them. Because GEICO has demonstrated that there is no genuine dispute as to whether Peumeukouam had coverage it is entitled to summary judgment. The Court therefore GRANTS GEICO's Motion for Summary Judgment.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 24, 2022.

Marsha J. Pechman
United States Senior District Judge